UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION
CIVIL ACTION NO.  3:15-CV-663-JHM

JACKEITHA BAKER,                                                                                           Plaintiff,

v.

SWIFT PORK COMPANY,
d/b/a Swift and Company,                                                                                Defendant.

## MEMORANDUM OPINION AND ORDER

Before the Court is a Motion to Stay Discovery Pending Resolution of Defendant's Motion for Judgment on the Pleadings ("Motion to Stay Discovery") (DN 12) filed by defendant Swift Pork Company d/v/a/ Swift and Company.  Although plaintiff Jackeitha Baker did not file a response to the Motion to Stay Discovery, defendant notes in its Motion to Stay Discovery that plaintiff opposes a stay of discovery.  For the reasons set forth below, the Motion to Stay Discovery is DENIED.

## BACKGROUND

In the Motion to Stay Discovery and accompanying memorandum, defendant requests that the Court enter an order staying discovery in this action pending resolution of defendant's Motion for Judgment on the Pleadings (DN 11).  Defendant argues that staying discovery pending resolution of its Motion for Judgment on the Pleadings would further the interests of judicial economy, prevent prejudice, and eliminate potentially unnecessary litigation expenses.  Specifically, defendant argues that, because the Motion for Judgment on the Pleadings turns on purely legal questions, there is no need for any discovery before it can be resolved.

1

**DISCUSSION**

A stay of discovery is a matter well within the discretion of the trial court. *Chrysler Corp. v. Fedders Corp.*, 643 F.2d 1229, 1240 (6th Cir. 1981). "In ruling upon a motion for stay, the Court is required to weigh the burden of proceeding with discovery upon the party from whom discovery is sought against the hardship which would be worked by a denial of discovery." *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *1 (S.D. Ohio Feb. 10, 2010) (citing *Marrese v. American Academy of Orthopaedic Surgeons*, 706 F.2d 1488, 1493 (7th Cir. 1983)). The burden upon the party requesting the stay is less cumbersome when a stay – as opposed to a complete prohibition – of discovery is sought. *Marrese*, 706 F.2d at 1493. Generally, however, the mere filing of a dispositive motion, such a motion for judgment on the pleadings or motion to dismiss, is insufficient to support a stay of discovery. *See, e.g.*, *Boddie v. PNC Bank, NA*, No. 2:12-CV-158, 2012 WL 4088683, at *4 (S.D. Ohio Sept. 17, 2012) ("However, one argument that is usually deemed insufficient to support a stay of discovery is that a party intends to file, or has already filed, a motion to dismiss for failure to state a claim under Rule 12(b)(6) or other dispositive motion."); *Williamson v. Recovery Ltd. P'ship*, No. 2:06-CV-0292, 2010 WL 546349, at *2 (S.D. Ohio Feb. 10, 2010) ("[U]nless the motion raises an issue such as immunity from suit, which would be substantially vitiated absent a stay, or unless it is patent that the case lacks merit and will almost certainly be dismissed, a stay should not ordinarily be granted to a party who has filed a garden-variety Rule 12(b)(6) motion.").

Here, defendant argues, in essence, that discovery should be stayed simply because a motion for judgment on the pleadings has been filed. Furthermore, the Court notes that, while

the district court judge assigned to this matter will issue a ruling on the Motion for Judgment on the Pleadings, it is not patently apparent whether said motion will be granted or denied; that is, it does not present a clear, discrete issue such as immunity from suit or the running of statute of limitations that can be easily decided. Therefore, the Court finds that the interest of plaintiff in prosecuting her claims outweighs the burden on defendant to engage in discovery, especially in light of the fact that this case does not present overly complex legal issues or facts. Therefore, the Court finds that, under the circumstances of this case, the Motion to Stay Discovery should be denied. *See, e.g.*, *DiYanni v. Walnut Twp. Bd. of Educ.*, No. 2:06-CV-0151, 2006 WL 2861018, at *3 (S.D. Ohio Oct. 4, 2006) (denying motion to stay discovery pending ruling on motion for judgment on the pleadings).

Accordingly,

IT IS ORDERED that the Motion to Stay Discovery (DN 12) is DENIED.


cc: Counsel of record