UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
LOUISVILLE DIVISION

CIVIL ACTION NO. 3:15-CV-00663-JHM

JACKEITHA BAKER                                                       PLAINTIFF

V.

SWIFT PORK COMPANY d/b/a SWIFT                     DEFENDANT
AND COMPANY

## MEMORANDUM OPINION AND ORDER

This matter is before the Court on a motion by Defendant Swift Pork Company d/b/a Swift and Company for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) [DN 11]. Fully briefed, this matter is ripe for decision.

### I. BACKGROUND

Plaintiff Jackeitha Baker is a former employee of Defendant Swift Pork Company. Plaintiff alleges that during her employment with Defendant, she learned she was pregnant and notified Defendant of her pregnancy. Plaintiff contends that Defendant regarded and perceived her as disabled due to her pregnancy. Additionally, Plaintiff contends that the Defendant refused to accommodate her pregnancy and that she complained about the discrimination to the Defendant. Finally, Plaintiff alleges that following her complaints of disability/pregnancy discrimination, the Defendant terminated the Plaintiff's employment in retaliation. (Complaint ¶¶ 4-8.)

On July 10, 2015, Plaintiff filed this action in Jefferson Circuit Court against Defendant. In her complaint, Plaintiff alleges three causes of action, all of which arise under the Kentucky Civil Rights Act ("KCRA"): (1) pregnancy discrimination/unlawful discharge; (2) disability-based discrimination; and (3) retaliatory discharge. On August 11, 2015, Defendant removed

this action alleging diversity jurisdiction. Following removal, Defendant moved to dismiss the claims against it contending that Plaintiff failed to state a claim upon which relief can be granted.

## II. STANDARD OF REVIEW

A motion for judgment on the pleadings is weighed under the same standard as a motion to dismiss for failure to state a claim under Rule 12(b)(6). Wee Care Child Center, Inc. v. Lumpkin, 680 F.3d 841, 846 (6th Cir. 2012). Upon a motion to dismiss for failure to state a claim pursuant to Federal Rule of Civil Procedure 12(b)(6), a court "must construe the complaint in the light most favorable to plaintiff[]," League of United Latin American Citizens v. Bredesen, 500 F.3d 523, 527 (6th Cir. 2007), "accept all well-pled factual allegations as true," id., and determine whether the "complaint . . . states a plausible claim for relief," Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009). Under this standard, the plaintiff must provide the grounds for his or her entitlement to relief, which "requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007). A plaintiff satisfies this standard only when he or she "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 556 U.S. at 678. A complaint falls short if it pleads facts "'merely consistent with' a defendant's liability," id. at 678 (quoting Twombly, 550 U.S. at 557), or if the alleged facts do not "permit the court to infer more than the mere possibility of misconduct," id. at 679. Instead, the allegations must "'show[] that the pleader is entitled to relief.'" Id. at 679 (quoting Fed. R. Civ. P. 8(a)(2)).

## III. DISCUSSION

Defendant moves for judgment on the pleadings on all of Plaintiff's claims against it pursuant to Federal Rule of Civil Procedure 12(c) arguing that the complaint falls short of federal

pleading requirements established by Fed. R. Civ. P. 8 and clarified by the Supreme Court in Twombly and Iqbal.  In response to the motion, Plaintiff concedes that her disability claim is subsumed by her claim for pregnancy discrimination, and that dismissal is proper on that claim. Thus, the Court will address the pregnancy discrimination and retaliation claims.

### A. Pregnancy Discrimination/Unlawful Discharge

Plaintiff alleges that Defendant discriminated against her because of her pregnancy in violation of KRS § 344.040.  The KCRA prohibits an employer from discriminating against an employee "with respect to compensation, terms, conditions, or privileges of employment, because of the individual's . . . sex." KRS § 344.040. The term "on the basis of sex" includes pregnancy, childbirth, and related medical conditions.  KRS § 344.030(8).  To state a claim for pregnancy discrimination, a plaintiff must establish that "(1) she was pregnant, (2) she was qualified for her job, (3) she was subject to an adverse employment action, and (4) there was a nexus between her pregnancy and the adverse employment action." Turner v. Sullivan Univ. Sys., Inc., 420 F. Supp. 2d 773, 785 (W.D. Ky. 2006)(citing Prebilich–Holland v. Gaylord Entertainment Co., 297 F.3d 438 (6th Cir. 2002) (citing Cline v. Catholic Diocese of Toledo, 206 F.3d 651, 658 (6th Cir. 2000)).

Defendant argues that Plaintiff has failed to allege sufficient facts to show that she is entitled to relief against Swift Pork for pregnancy discrimination under the KCRA.  In her complaint, Plaintiff alleges that she was pregnant and that Defendant terminated Plaintiff's employment.  (Complaint ¶¶ 5, 8.)  Plaintiff further alleges that "Defendant's actions in unlawfully terminating BAKER's employment because of her pregnancy constitute unlawful discrimination and discharge in violation of the Kentucky Civil Rights Act." (Id. at ¶ 10.) Plaintiff's "bare assertions, much like the pleading of conspiracy in Twombly, amount to nothing

more than a 'formulaic recitation of the elements' of a" discrimination claim. Iqbal, 556 U.S. at 681 (quoting Twombly, 550 U.S. at 555). "As such, the allegations are conclusory and not entitled to be assumed true." Id. (citing Twombly, 550 U.S. at 554–55).

While Plaintiff pleads that she was pregnant and subsequently terminated by Defendant, she provides no facts from which a court could determine that her pregnancy had something to do with why she was terminated. See Roof v. Bel Brands USA, Inc., 2016 WL 463461, *5 (6th Cir. Feb. 8, 2016). "[A]lthough Plaintiff's complaint need not present 'detailed factual allegations,' it must allege sufficient 'factual content' from which a court, informed by its 'judicial experience and common sense,' could draw the reasonable inference that Defendant[] discriminated against Plaintiff with respect" to her pregnancy. Sam Han v. University of Dayton, 541 Fed. Appx. 622, 626 (6th Cir. 2013)(citing Keys v. Humana, Inc., 684 F.3d 605, 610 (6th Cir. 2012); Iqbal, 556 U.S. at 678). As noted by the Sixth Circuit, a court is "'not required to accept inferences drawn by [Baker] if those inferences are unsupported by the facts alleged in the complaint.'" Roof, 2016 WL 463461, *5 (citing Sam Han, 541 Fed. Appx. at 627). Plaintiff's allegations simply lack the factual basis necessary to show entitlement to relief for pregnancy discrimination. Accordingly, the Court dismisses the pregnancy discrimination against Defendant for failure to state a claim.

### B. Retaliation

Plaintiff alleges that Defendant retaliated against her following her complaints to management of disability/pregnancy discrimination to management in violation of KRS § 344.280. The KCRA provides that "[i]t shall be an unlawful practice for a person, or for two (2) or more persons to conspire: (1) [t]o retaliate or discriminate in any manner against a person because he has opposed a practice declared unlawful by this chapter, or because he has made a

4

charge, filed a complaint, testified, assisted, or participated in any manner in any investigation, proceeding, or hearing under this chapter." KRS § 344.280(1).  To state a claim for retaliation under KRS § 344.280, a plaintiff must allege: (1) that plaintiff engaged in an activity protected by the KCRA; (2) that the exercise of civil rights was known by the defendant; (3) that, thereafter, the defendant took an employment action adverse to the plaintiff; and (4) that there was a causal connection between the protected activity and the adverse employment action. Brooks v. Lexington-Fayette Urban County Housing Auth., 132 S.W.3d 790, 803 (Ky. 2004).

Defendant argues that Plaintiff has failed to allege sufficient facts to show that she is entitled to relief against Swift Pork for retaliation under the KCRA.  In her complaint, Plaintiff alleges "[f]ollowing Plaintiff's complaints of disability/pregnancy discrimination the Defendant terminated the Plaintiff's employment (in retaliation)" and that "Defendant's discharge of BAKER constitutes retaliatory discharge in violation of KRS 344.280 *et seq.*" (Complaint ¶¶ 8, 21.)  Plaintiff's allegations are mere legal conclusions and, as such, are not entitled to the assumption of the truth.  See Iqbal, 556 U.S. at 680 (citing Twombly, 550 U.S. at 555) ("In [holding the plaintiff's complaint deficient under Rule 8, the Twombly Court] first noted that the plaintiffs' assertion of an unlawful agreement was a 'legal conclusion' and, as such, was not entitled to the assumption of the truth.").

Plaintiff has pled that she engaged in protected activity by complaining of disability/pregnancy discrimination; Defendant was aware of the protected activity; and that she was subsequently fired.  (See Complaint ¶¶ 7, 8.)  However, Plaintiff has not pled facts that the termination of Plaintiff was done with retaliatory intent by Defendant or that establish a causal connection between the termination and Plaintiff's protected activity.  See Saunders v. Ford Motor Co., 2015 WL 1980215, *6 (W.D. Ky. May 1, 2015); Moore v. Humana, Inc., 2010 WL

2961205, *2 (W.D. Ky. July 26, 2010). s such, Plaintiff has failed to allege necessary elements of a claim for retaliation under the KCRA against Defendant.

## IV. Conclusion

For the reasons set forth above, **IT IS HEREBY ORDERED** that Defendant Swift Pork Company's motion for judgment on the pleadings [DN 11] is **GRANTED.** A Judgment will be entered consistent with this Opinion.

**Joseph H. McKinley, Jr., Chief Judge**
**United States District Court**

cc: counsel of record

March 30, 2016

6